INTERNATIONAL STRATEGIC PART-
NERS, LLC, c/o Shant S. Hovnanian,
Tax Matters Partner, Petitioner–Ap-
pellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 10–5155–ag.

United States Court of Appeals,
Second Circuit.

Jan. 19, 2012.

William Read Rankin, Pennington, NJ, for Appellant.

Damon W. Taaffe (Bridget M. Rowan, on the brief), Tax Division, Department of Justice, Washington, D.C., for Appellee.

PRESENT: RICHARD C. WESLEY, and PETER W. HALL, Circuit Judges, and STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

The IRS must provide a partnership notice of "(1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and (2) the final partnership administrative adjustment resulting from any such proceeding." 26 U.S.C. § 6223(a). The IRS must provide this notice to each partner named on the partnership return for the year in question, using the names and addresses shown on the return. *Id.* § 6223(c)(1). The partnership may provide the IRS with "additional information," *i.e.,* address changes, by following the procedures set forth in IRS regulations. *Id.* § 6223(c)(2); 26 C.F.R. § 301.6223(c)–1 (requiring partnerships to provide any "additional information" by written notice to the IRS service center where the partnership return is filed).

Here, Petitioner conceded that it did not provide the IRS with any "additional information" pursuant to § 6223(c)(2) or Regulation 301.6223(c)–1. The IRS mailed the required notices to "International Strategic Partners" at the address listed on its 2002 partnership return. It also mailed the required notices to each partner listed on the Schedule K–1s accompanying the 2002 partnership return. Therefore, the IRS satisfied its notice requirement. Peti-

tioner had 150 days from the notice date (June 12, 2007) to petition for readjustment in the Tax Court; that window closed on November 10, 2007. Petitioner did not seek review until December 4, 2007.

Despite Petitioner's belief to the contrary, the IRS was not required to do anything more than it did. It was Petitioner's responsibility to update its contact information with the IRS, if necessary, pursuant to the regulations. It did not do so and cannot impose a burden on the IRS that Congress declined to impose. We have considered Petitioner's remaining arguments and find them without merit.

**AFFIRMED.**

---

* Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.